Trek Bicycle Corporation, Inc. v. Trek Bicycle Corporation, Inc. Okay, our second case this morning is number 14-1241, Split Pivot, Inc. v. Trek Bicycle Corporation, Mr. Anderson. May it please the Court, the principal issue in this appeal is whether the use of the term consisting of, followed by an enumerated list, must be construed to mean one and only one element in the list may be present. And if you lose on that issue, you lose completely, right? Yes, sir. Okay. And the question is whether it must be construed to mean one and only one element on the list may be present, regardless of what the specification, the summary of the invention, the figures show, what a person of ordinary skill in the art would understand, and even if such construction read out of preferred embodiments and an explicitly claimed element. Do you dispute that a marquoise limitation ordinarily means one and only one? Yes. How can you do that in the light of Abbott? It's a closed group. Abbott does not say one and only one. What Abbott says is that you cannot combine elements or items in a marquoise group listing to find infringement. Here, we're not combining anything. There is no question that with regard to the mounting marquoise group that Trek Bicycles have the shock absorber connected to a control link. There's no question with regard to the shock absorber marquoise group that Trek Bicycles have a compression gas spring. What the court, the district court, found is, well, with regard to the floating shock embodiments of Trek Bicycles, since the shock is connected to a control link and a wheel link, then there's no infringement. But we don't need it to be connected to both. Indeed, a shock absorber by its very nature has two ends. Can you talk about the other marquoise group, not the mounted two, but the selected from? Isn't it true that their products contain more than one of these shock absorbers? They contain more than one of those items. So they contain a mixture of those items. But we're not asking or saying, we aren't trying to combine them in order to find infringement. You can't because your patent only claims one of them. The patent says that the shock absorber is, for example, a compression gas spring. They have a compression gas spring. We don't need anything else. Well, that just seems completely inconsistent with Abbott to me. Abbott says if you use marquoise claiming it's one and only, and if you want to claim a mixture, then you have to add additional language. Your patent only covers one. So to get further, you would have had to claim a mixture, and you didn't. I respectfully disagree that that's what Abbott says, and obviously I will defer to Judge Dykes since he was on the panel. But what Abbott says, and what the patent holder was trying to do, was to combine two elements of... It's a little complicated because Abbott and most of these things talk about chemicals or things like that, but I think we have to read Abbott to cover, if we accept that this is marquoise claiming, I don't see any reason to distinguish it from combining chemicals and combining different types of shock absorbers. Do you? But the principle in Abbott was that the patent holder had to combine two of the elements in order to reach an infringing level, in order to find infringement. It had to combine two. The two... I don't see any distinct... I understand the argument you're making. Frankly, I don't understand it, because Abbott says, although A can be more generally could mean one or more in an open-ended patent claim, A with consisting of, in this case, indicates only one member, and that's where you are. You're claiming that your invention uses only one member, right? And, yes, and Abbott says... Does that include specific language, talking about a mixture or something like that there? No, I think Abbott says that if you need... Thus, without expressly indicating the selection of multiple members of a marquoise grouping, a patentee does not claim anything other than the plain reading of the closed claim language. Because the patent holder at Abbott had to combine, was arguing that it could combine two non-infringing levels and limit that to the inhibitors. I mean, the fact that they were claiming something else, I mean, it doesn't matter what you claim. You complained, claimed one member, right? And we have... And they don't infringe because they have two. No, they have one member. They're saying that they infringe too much. No, they don't. You claim one and only one. That's what marquoise claiming means. I respectfully disagree that that is what marquoise claiming mandates without consideration of the specification or anything else. Here, there is... The patent, I think, is clear that a shock absorber can be more than one. The marquoise language says that we can have one. We cannot find infringement by combining two or more members of the marquoise group. That's what Abbott says, and we're not making that argument. Let me ask you a technical question, if I could. TREC asserts in its red brief that you didn't submit any evidence to the district court, let me underline that, evidence to the district court, regarding the meaning of the shock absorber symbol in the preferred embodiments of 212. You have some argument in your gray brief at 12 and 13, but what evidence is in the record below that shows those symbols depict both a fluid damper and or a spring? In terms of the specific references that we reference in our blue brief, they are not in before the district court. However, the district court did obviously have the specification, which does have the symbol, and the experts on both sides agreed that a person of ordinary skill in the art would understand that a shock absorber can be a combination of a spring element and a damper element. Well, of course, because the accused products combine them. Well, but both sets of experts, everybody agreed, there was no dispute, and even the district court indicated that a person of ordinary skill in the art would understand that a shock absorber can be a damper and a spring element. But that's not what you claimed. Let me ask you a hypothetical that gets us back more closely to the chemical nature. Suppose somebody used a Marcuse group to claim a chemical compound, and they said, select one from this group of chemical compounds. That means the invention only covers one of the group, right? It means that you have to have at least one, yes. No, it requires one and only one. I mean, really, if you're reading Abbott to say that it only has to require one that could include additional ones, that's not what it says. I'm reading Abbott. So following my hypothetical, if an accused infringer uses two of those groups and combines them to make a new compound, does it infringe? If it is necessary to combine the two elements to find infringement, then no. Abbott says you can't combine the listing of the elements. They're using one of the claim compounds you claimed, but they're using another one too and combining them. Well, the fact that they're combining them does not mean that they somehow escape the scope of the Marcuse group. They have one of the items listed. So your argument really comes down to the notion that Marcuse claiming is not limited to one and only one. It's at least one. Yes, in effect. And there are at least four district courts. Granted, it's not binding, but I think it's interesting to note that at least four district courts have considered the same argument and have read Abbott Labs to not mean one and only one. And there is another case that we didn't reference in our brief, Maxima versus ConocoPhillips from the Eastern District of Texas, which indicates that. In addition, I think it's, unfortunately, neither party cited this case from the Federal Circuit, Northern Telecom versus Samsung Electronics, 215F3-1281 in the year 2000, where this court noted that if a patent requires A and the cue of the device has A and B, infringement is avoided only if the patent excludes the possibility of B. Is that a Marcuse case? It is not a Marcuse case, but I think it is instructive. This court, and what the district court here is saying, is that the use of a Marcuse group creates a bright line, that you don't look at the specification, you don't consider what a person of ordinary skill in the art would do, you don't consider whether it would exclude preferred embodiments. If they bright line, hard and fast rule, you don't need to go any farther. We don't think that's correct. In Abbott Labs, this court looked at the specification, considered what was there, and it determined that there was no evidence that the patent holder intended to allow combining two of the elements in order to find infringement. We're not trying to combine two elements to find infringement. They have one element. They have a fluid, for example. There's no question. And indeed, this construction with regard to the shock absorber creates an odd situation where a compression gas spring apparently can never infringe because a gas is a fluid. So by its very nature, if all they had was a compression gas spring, there'd be no infringement since a gas is a fluid. And according to the district court, you can't have a fluid because that's one of the other elements listed. It makes no sense. Everybody, the person of ordinary skill in the art, everyone agreed that a person of ordinary skill in the art would understand shock absorber could be a combination. We're not trying to combine. We're not saying you have to have the compression gas spring and a fluid in order for there to be infringement. All we're saying is we have one. And the fact that there's more than one doesn't change anything. It's no different as well with regard to the mounting limitation. Every one of their shocks is mounted to a control link. That's all we need. I will reserve the balance of my time for rebuttal unless your honors have any further questions at this time. Okay. Thank you, Mr. Anderson. Thank you. Mr. Bagatelle. May it please the court, I'm Dan Bagatelle on behalf of the Appalachia Reckwith News. David Picard, Krone. The court should reject split pivots constructions because they defy amendments that its principal, Mr. Weigel, agreed to during prosecution to overcome other art in a very crowded... I'm not sure that the prosecution history gets you very far on the Marcouch thing. I'm not sure that it really tells us anything one way or the other. Well, I think it answers his point that the specification was somehow very broad. And that may be true that the original specification, the original written description was rather broad. Sure, that's a fair point. I mean, that happens when you amend claims to narrow them. He claimed basically anything with a concentric rear pivot plus a shock absorber. And, you know, all things old or new, again, it turns out that was done in the 1890s. And so, of course, he's not getting every embodiment that he listed in the specification. So we know he had to agree to that to get it issued. So the question is, what does it mean? And on that, we're not writing on a clean slate. Marcouch groups have been around for 90 years since ex parte Marcouch. They've had a fixed meaning since the 1940s, the Abbott decision that we've discussed. It's the standard verbiage here, standard Marcouch verbiage. Why are these district courts reaching a contrary conclusion? I'm not sure that they really are reaching a contrary conclusion. For example, in one of the cases, it involves a superset scenario. It's actually addressed in the MPEP. For example, I think it's the Parr case. It was actually decided yesterday by this court, but it didn't involve that limitation, didn't come up on appeal. But it said you have something present in, selected from the group consisting of greater than 80%, greater than 70%, greater than 60%, greater than 50%. And the court said, I'm not going to say, you're combining two. I'm not going to say that the Abbott limitation applies there. Well, of course that's the case. All you're doing is selecting one. And it's in the MPEP that says, for example, you can have halogens and chloro and just select one of them. So if you're just selecting one of them, by the way, that's the answer to his fluid gasping. Not only is gas and fluid often defined differently, but in any event, you can just pick one. And if what you're picking, for example, is a compression gas spring, that's enough. As long as you're just picking one and not trying to pick more than one. That's the settled meaning from the PTO back in the 40s. That's the settled meaning from this court and Abbott. It was in the treatises. It was a patent law term of art. It has an ordinary meaning. And if you want to deviate from that meaning, you certainly can. He didn't. He actually had a continuation pending during the litigation and didn't change it. So he had the opportunity to claim more broadly. He didn't. Now, did he need to or not? We can argue about that. Perhaps he could have simply said a non-elastomeric shock absorber. We don't know if that would have gotten through the examiner or not. But he chose to use a Marcouche group. And when you use a set piece, you're stuck with the set piece. So the mechanical context, they've argued that that's a distinction. That can't be right. It's been adopted from the chemical arts context and used that way for decades with no suggestion of a distinction. And if you were to adopt the distinction, it would be very hard to draw. For example, consider a medical device, which releases a combination of two pharmaceuticals. Is that a mechanical patent or a chemical patent? It's actually both. You couldn't draw a coherent line there. And no court has tried to do that. Their second argument is about Abbott. And I think we've been through that. But basically, the important thing about Abbott is that there were two distinct limitations. One was the Marcouche limitation. And the whole thing is very clear. It's one and only one. There was a second limitation saying that it had to be present in the amount sufficient to prevent degradation. That was sort of a functional additional limitation. And there was a problem with infringement because it didn't have both of those things together. Well, here, I think properly read, the claims are structural. You've got two limitations here. One is, what is the composition of the shock absorber? That's just a structural limitation. The other is, where is it mounted? Onto one or more than one link? And you don't get to this amount sufficient issue. To the extent you do reach functionality, you're in the same position as Abbott in any event. Because, for example, if you're hanging it onto two links, that's what's serving the function of supporting the shock absorber. It's really indistinguishable. The last argument they're making is basically an argument of disavowal, that there's something in the intrinsic evidence that suggests something different. But I think it's, for example, very similar to comprising. It would be very difficult for you to say comprising doesn't mean comprising. But if you did, you'd have to say very, very clearly that, in my case, comprising means consisting up or vice versa. They didn't do anything like that in the specification or in the prosecution history. Yes, they tried to describe the entire world and originally tried to claim the entire world. But we know that they didn't get it all. And so what they got was a claim narrowed to a Marcuse limitation. They never said that a Marcuse limitation doesn't have its ordinary meaning. And I submit that the ordinary meaning controls here. Certainly, the prosecution history doesn't help them. And if you use a Marcuse group, you use it at your peril. That's what the treatises say. That's what the case law says. And maybe he regrets including that limitation, but that limitation's in the claims. And if you didn't adopt the traditional limitation, you'd be undermining the clarity of tens of thousands of patents with Marcuse groups in them. The whole point of the Marcuse language was to avoid an indefiniteness problem. And if you tried to change the rules on it now, you'd be creating a real severe notice problem with the patents. If your honors would like, I can turn to the other issues in the case. Mr. Anderson didn't argue them, but if you're at all concerned about the other issues. I don't think it's necessary. Thank you. Thank you. Thank you, Mr. Beckman. Thank you. Mr. Anderson. Thank you, your honor. Judge Hughes, if I may, to try to give an analogy to answer your question about the shock absorber. Let's say it says the shock absorber consists of 20% spring or 30% gas or 60% fluid. Here we've got 15% spring, or whatever the number was I just said. We don't need to combine. And that's what Abbott Labs did. Your honor, Judge Dyke raised the question of, well, why are all these district courts finding differently? And I'll leave it to you to consider them for whatever you will, but at least four district courts have specifically rejected the interpretation that Abbott means one and only one. What they say Abbott says is, if you have one of those and you don't need to consider any of the others to find infringement, that's enough. You don't get out of infringement because you happen to have something else. And that's what we're doing here. Now, I would agree that also that the prosecution history, which TREC relies on, doesn't get them anywhere, certainly with regard to either of these limitations. The shock absorber limitation, there was a notice of allowance, which the claim to saying a shock absorber. Prosecution history doesn't help you either, does it? It doesn't help them. I don't think it changes the analysis, because at best, I mean, the district court didn't determine what was the scope of any disclaimer. It sort of noted in passing that, well, there was a change to the shock absorber consisting of language. That was done after a notice of allowance. It was done when an IDS was submitted, which had the Preston Peak reference. Preston Peak had a shock absorber that was an elastomer. Well, if there is any, in Abbott Labs, there was a similar issue. It was a question of whether that sort of thing would even amount to a clear and unmistakable disavowal of the claim scope. But if there was, at most, all it says is you can't have an elastomer as the shock absorber in this case. And that's not an issue here. That's not an issue here. So what we have here is the language, at most, as we take out of the scope, an elastomer. It's the consisting of the disclosed. But it doesn't say anywhere that it's one and only one. We only have one. I mean, just to be clear, we're not asking or saying that you have to combine more than one of the elements in the Marcouche claim to find infringement. We're not saying that. We're not saying that at all. We're saying, pick an element. We're not saying that you have to combine them, and therefore, you've got a leaf spring, for example. We're saying they've got a compression gas spring. That's enough. We're saying they have a fluid. Don't forget about the rest. That's enough. We're saying that the mounting limitation is mounted to a control link. That's enough. The fact that it's also mounted in some embodiments to the wheel link, how does that get them out of infringement? I mean, what, in effect, if you adopt the bright line rule that Trek wants, then it doesn't matter what the summary of invention says. It doesn't matter what the figures say. It doesn't matter what a person of ordinary skill in the art does. Forget about that. Don't even look at the specification. Don't even look at any of the files or anything. Just say, bright line rule, if you happen to have more than one so that you manage to add in extra things, you're home free. Thank you, Your Honor. Thank both counsel. The case is submitted.